UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TREY T. MITCHELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 1:21-cv-01935-JPH-MG |
| | ) |
| TOWN OF WHITESTOWN, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

Trey Mitchell alleges that Whitestown police officers used excessive force when they arrested him. Mr. Mitchell brings state and federal claims against the officers and the Town of Whitestown. Defendants have filed a motion to dismiss under Rule 12(b)(6). Dkt. [15]. For the reasons that follow, that motion is **GRANTED in part and DENIED in part**.

## I.
## Facts and Background

Because Defendants have moved for dismissal under Rule 12(b)(6), the Court accepts and recites "the well-pleaded facts in the complaint as true." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

On December 17, 2019, Trey Mitchell was dining at a Buffalo Wild Wings with some friends. Dkt. 13 ¶¶ 12–13. Believing that one of Mr. Mitchell's friends was overdosing, a Buffalo Wild Wings employee called the Whitestown Metropolitan Police Department. *Id.* Officer Kirsten Gibbons responded and approached Mr. Mitchell and the friend who was suspected of overdosing. *Id.* ¶

1

14. Officer Gibbons "became increasingly rude" and "made disparaging comments" about Mr. Mitchell. *Id.* ¶¶ 15–16.

Officers Dalton Tibbs, Blayne Root, and John Jurkash arrived to assist Officer Gibbons. *Id.* ¶¶ 17–18. While Mr. Mitchell was helping them place his friend on a medical gurney, Officer Tibbs pushed Mr. Mitchell without provocation. *Id.* ¶ 21. Officer Tibbs then "became physical with Mr. Mitchell," so Mr. Mitchell "placed himself in a defensive position" and the other officers "became involved in the altercation." *Id.* ¶¶ 22–26. Mr. Mitchell was eventually forced to the ground and then "submitted to being placed under arrest and did not resist thereafter." *Id.* ¶¶ 26–27. Despite his compliance, Officer Root tased Mr. Mitchell in the leg. *Id.* ¶ 27. Then, Mr. Mitchell was placed in handcuffs in a facedown position while Officer Gibbons knelt on his back. *Id.* ¶ 28. Mr. Mitchell told Officer Gibbons that he was in pain because he had previously broken his back and asked her to reposition her knee, but Officer Gibbons refused. *Id.* ¶¶ 28–29.

Mr. Mitchell later pled guilty to three felony counts of resisting law enforcement in connection with this incident. *See Indiana vs. Mitchell*, Boone Superior Court, Cause No. 06D01-1912-F5-002604; dkt. 15-2 (charging information); dkt. 15-3 (judgment of conviction).[1]

On June 26, 2020, Mr. Mitchell submitted a Notice of Tort Claim to each defendant. *Id.* ¶ 37. He later filed this lawsuit against the officers and

---

[1] The Court takes judicial notice of these "matters of public record." *Cf. McCann v. Neilsen*, 466 F.3d 619, 620 n.1 (7th Cir. 2006).

the Town of Whitestown. Dkt. 1; dkt. 13 (amended complaint). Against the officers, Mr. Mitchell alleges claims for excessive force in violation of the Fourth Amendment (Count I), battery (Count IV), and negligent or willful and wanton conduct (Count VII). Dkt. 13 at 5, 7–8. Against Whitestown, he alleges *Monell* claims for enacting an unconstitutional policy or custom (Count II) and for failure to train (Count III). *Id.* at 6–7.[2] Mr. Mitchell also seeks to hold Whitestown vicariously liable for the state law torts of the officers. *Id.* at 7–8.

Defendants have moved under Rule 12(b)(6) to dismiss all claims for failure to state a claim upon which relief can be granted. Dkt. 15.

## II.
## Applicable Law

A defendant may move under Federal Rule of Civil Procedure 12(b)(6) to dismiss claims for "failure to state a claim upon which relief may be granted." Fed. R. Civ. Pro. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

---

[2] Mr. Mitchell's complaint brings five claims for relief labeled as Counts I–IV and Count VII. *See* dkt. 13 at 5–8. Without explanation, Mr. Mitchell does not bring claims for relief in Counts V or VI. *See id.*

When ruling on a 12(b)(6) motion, the Court will "accept the well-pleaded facts in the complaint as true," but will not defer to "legal conclusions and conclusory allegations merely reciting the elements of the claim." *Id.*

Indiana substantive law governs Mr. Mitchell's state law claims in Counts IV and VII. *See Webber v. Butner*, 923 F.3d 479, 480–81 (7th Cir. 2019). Therefore, the Court "must apply Indiana law by doing [its] best to predict how the Indiana Supreme Court would decide" issues related to those claims. *Id.* at 482.

### III. Analysis

#### A. Federal Claims

##### 1. *Monell* Claims

Mr. Mitchell "concedes that dismissal is appropriate for his *Monell* claims in Counts II and III." Dkt. 23 at 1. Whitestown's motion to dismiss those counts is therefore **GRANTED.**

##### 2. Fourth Amendment Excessive Force

Defendants argue that Mr. Mitchell's excessive force claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Dkt. 16 at 5–15. Mr. Mitchell responds that because he alleges that the officers used unreasonable force against him after he submitted to arrest, his excessive force claim is not *Heck*-barred. Dkt. 23 at 2–3.

*Heck v. Humphrey* "bars a plaintiff from maintaining a § 1983 action in situations where 'a judgment in favor of the plaintiff would necessarily imply

the invalidity of his conviction or sentence.'" *McCann v. Neilson*, 466 F.3d 619, 621 (7th Cir. 2006) (quoting *Heck*, 512 U.S. 477, 487 (1994)). But if a plaintiff's lawsuit can succeed and "will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed." *VanGilder v. Baker*, 435 F.3d 689, 691–92 (7th Cir. 2006) (quoting *Heck*, 512 U.S. at 487).

"[A] plaintiff who has been convicted of resisting arrest or assaulting a police officer during the course of an arrest is not *per se Heck*-barred from maintaining a § 1983 action for excessive force stemming from the same confrontation." *McCann*, 466 F.3d at 621. But a "plaintiff can only proceed to the extent that the facts underlying the excessive force claim are not inconsistent with the essential facts supporting the conviction." *Helman v. Duhaime*, 742 F.3d 760, 762 (7th Cir. 2014). For example, when an excessive force claim is based "on claims that the police used excessive force in effecting custody or after doing so," it can proceed. *Id.* (citing *Evans v. Poskon*, 603 F.3d 362 (7th Cir. 2010)); *see also McCann*, 466 F.3d at 623; *VanGilder*, 435 F.3d at 691–92.

Here, Mr. Mitchell concedes that the force used leading up to his arrest was lawful, so he cannot base an excessive force claim on it. Dkt. 23 at 3. Mr. Mitchell also agrees that, prior to submitting to arrest, he physically resisted the officers' efforts to detain him. Dkt. 13 at 4, ¶¶ 22–26; dkt. 23 at 3. Those factual concessions provide "the essential facts supporting [Mr. Mitchell's] conviction" for resisting arrest. *Helman*, 742 F.3d at 762; *see* Ind. Code § 35-

5

44.1-3-1(a)(1) ("A person who knowingly or intentionally . . . forcibly resists, obstructs, or interferes with a law enforcement officer . . . while the officer is lawfully engaged in the execution of the officer's duties . . . commits resisting law enforcement.").

Mr. Mitchell's excessive force claim is based on the officers' actions that took place after he "submitted to being placed under arrest and did not resist thereafter." Dkt. 13 ¶ 27; dkt. 23 at 3. His Amended Complaint alleges that after Mr. Mitchell "submitted to being placed under arrest," Officer Root tased him in the leg and Officer Gibbons applied continuous, unnecessary pressure to his back while he was in handcuffs, ignoring his repeated requests to reposition her knee. *Id.* ¶ 28. Thus, Mr. Mitchell has alleged facts that, accepted as true, plausibly give rise to an excessive force claim and are not inconsistent with the essential facts supporting his conviction. *Cf. Evans*, 603 F.3d at 364 (reversing summary judgment on plaintiff's claims that "police used excessive force to effect custody" and "beat him severely even after reducing him to custody" because they were "entirely consistent with a conviction for resisting arrest"). The officers' motion to dismiss Mr. Mitchell's excessive force claim is **DENIED**.³

### B. State Law Claims

---

³ The officers argue in passing that Mr. Mitchell's complaint "is insufficient as a matter of law" because it doesn't offer a specific enough description of the alleged excessive force. Dkt. 16 at 9. In support, the officers argue that Mr. Mitchell's claim is based only on the allegations in paragraphs 39–41 of the complaint. This overlooks paragraph 38 which incorporates by reference paragraphs 1–32.

6

Defendants argue that Mr. Mitchell's state law claims must be dismissed because he did not provide timely notice under the Indiana Tort Claims Act (ITCA). Dkt. 16 at 15, 25. Mr. Mitchell contends that his notice was timely because the 180-day notice deadline was tolled by a COVID-related order entered by the Indiana Supreme Court.[4] Dkt. 23 at 4, 7.

The notice requirement of the ITCA provides:

> Except as provided in section 9 of this chapter, a claim against a political subdivision is barred unless notice is filed with:
>
> (1) the governing body of that political subdivision; and
> (2) the Indiana political subdivision risk management commission created under IC 27-1-29;
>
> within one hundred eighty (180) days after the loss occurs.

Ind. Code § 34-13-3-8; *see Lyons v. Richmond Comm. Sch. Corp.*, 19 N.E.3d 254, 259 (Ind. 2014). The ITCA's notice requirement is not a statute of limitation. *Davidson v. Perron*, 716 N.E.2d 29, 34 (Ind. Ct. App. 1999) ("[T]he 180-day notice requirement is not a statute of limitations but a condition precedent to filing suit."); *Town of Cicero v. Sethi*, 189 N.E.3d 194, 211 (Ind. Ct. App. 2022) (noting that even though the notice requirement "is similar in its operation and effect to a statute of limitations," it "is a procedural precedent").

The parties agree that Mr. Mitchell's lawsuit is subject to the ITCA's 180-day notice requirement. Dkt. 16 at 16–18; dkt. 13 ¶¶ 36–37. They further agree that the notice period began on December 17, 2019, and that Mr.

---

[4] Mr. Mitchell asks the Court to permit him to conduct discovery and thereafter resolve this issue on summary judgment. But there are no material facts that need development—the necessary facts were pled in Mr. Mitchell's complaint. Dkt. 13 ¶¶ 11, 37.

Mitchell submitted his tort claim notice on June 26, 2020—192 days later. *Id.* The contested issue is whether the Indiana Supreme Court's emergency COVID-relief orders in March and April of 2020 tolled the ITCA's notice period, thereby making Mr. Mitchell's tort claim notice timely. *See* dkt. 23 at 4–7.

On March 23, 2020, the Indiana Supreme Court entered an order that provided, in relevant part:

> To the extent not already provided by an order granting emergency relief under Administrative Rule 17 to a particular court, the Court hereby tolls all laws, rules, and procedures setting time limits for speedy trials in criminal and juvenile proceedings, public health, mental health, and appellate matters; all judgments, support, and other orders; statutes of limitations; and in all other civil and criminal matters before the Indiana Tax Court and all circuit, superior, and city/town courts ("trial courts") of the State of Indiana.

*In re Admin. Rule 17 Emergency Relief for Ind. Trial Courts*, 141 N.E.3d 389, 390 (Ind. March 23, 2020) (emphasis omitted).[5]

The Emergency Relief Order does not mention the ITCA. Moreover, the Order says that it applies only to only "civil . . . matters before the . . . [trial courts] of the State of Indiana." *Id.* Mr. Mitchell has not cited any authority applying the Emergency Relief Order more broadly, that is, outside the context of court proceedings. *See generally* dkt. 23 at 4–7. Indeed, the ITCA governs conduct that must be taken *before* a lawsuit has been initiated. Ind. Code §

---

[5] The Indiana Supreme Court also issued various other emergency relief orders, including an order specific to Boone County, which the Court does not analyze separately because those orders either granted or extended the same relief in all material respects. *See, e.g., In re Petition of the Courts of Boone County for Admin. Rule 17 Emergency Relief*, 20S-CB-139 (Ind. March 18, 2020); 141 N.E.3d 1243 (Ind. April 3, 2020); 142 N.E.3d 912 (Ind. April 24, 2020).

8

34-13-3-8. Thus, when Mr. Mitchell filed his tort claim notice, his claim was not a "matter [ ] before" any court, and the emergency order therefore did not toll his 180-day filing window.

Mr. Mitchell next argues that even though he did not give notice within the prescribed 180-day period, his claim should proceed because he substantially complied with the ITCA. Dkt. 23 at 5. The substantial compliance doctrine only applies "when the purpose of the notice requirement is satisfied." *Schoetter v. Wright*, 992 N.E.2d 702, 707 (Ind. 2013). "Thus, a notice is sufficient if it substantially complies with the *content* requirements of the" ITCA. *Collier v. Prater*, 544 N.E.2d 497, 499 (Ind. 1989) (emphasis added). Mr. Mitchell has not cited any cases finding that an untimely tort claim notice substantially complied with the ITCA, nor has he explained how the late-filed tort claim notice satisfied the purpose of the notice requirement in this case.

In sum, Mr. Mitchell's ITCA notice was filed twelve days after the ITCA's 180-day filing deadline. The Indiana Supreme Court's Emergency Relief Order did not toll that deadline, so Mr. Mitchell's tort claim notice was untimely. Therefore, Defendants' motion to dismiss Mr. Mitchell's state law claims is **GRANTED**.[6]

---

[6] Because Mr. Mitchell did not provide timely ITCA notice, the Court need not consider the officers' argument that they are immune from Mr. Mitchell's state law claims. *See* dkt. 16 at 19–22.

## IV.
## Conclusion

Defendant's motion to dismiss is **GRANTED in part and DENIED in part**. Dkt. [15]. Mr. Mitchell's excessive force claim against the officers in Count I will proceed. All other claims are **dismissed**.

The clerk is directed to terminate Town of Whitestown from the docket.

**SO ORDERED.**

Date: 8/16/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

James Paul Barth
PFEIFER, MORGAN & STESIAK
jbarth@pilawyers.com

Peter D. Hamann
PFEIFER, MORGAN & STESIAK
phamann@pilawyers.com

Daniel J. Paul
WILLIAMS BARRETT & WILKOWSKI LLP
dpaul@wbwlawyers.com